Filed 11/14/23 In re I.A. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re I.A. et al., Persons Coming Under the Juvenile Court Law. | B329060 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. Nos. 19CCJP08048A, B, D, & E) |
| Plaintiff and Respondent, | |
| v. | |
| Y.A., | |
| Defendant and Appellant. | |

APPEAL from order of the Superior Court of Los Angeles County. Linda Sun, Judge. Appeal dismissed.

John P. McCurley, under appointment by the Court of Appeal, for Defendant and Appellant

No appearance by Plaintiff and Respondent.

_____

This is an appeal by Mother Y.A. subject to the procedures set out in *In re Phoenix H.* (2009) 47 Cal.4th 835.  On December 17, 2019, the Los Angeles Department of Children and Family Services (Department) filed a petition under Welfare & Institutions Code section 300 alleging that mother's five children were harmed and at risk of harm due to Mother and Father's history of domestic violence and both parents' substance abuse.  The children were detained from Mother on November 18, 2020, because of the parents' ongoing domestic violence and because Mother had allowed Father to live in the family home and have unlimited access to the children.  On January 19, 2021, the juvenile court removed the children from Mother and ordered family reunification services and monitored visits to the parents.  Mother's case plan included individual therapy, domestic violence classes and conjoint therapy with Father.  In March 2021, the children were placed together with the paternal aunt (a prospective adoptive parent).

At the 12-month review hearing on November 18, 2021, the Department reported to the court that Mother had tested positive for methamphetamine during the reporting period and her visits with the children were inconsistent in that she had many no-shows and did not call to cancel.  The juvenile court found that return of the children to parental custody would put them at substantial risk of harm and terminated Mother's services.  The court set a Welfare & Institutions Code section 366.26 hearing to devise a permanent plan for the children.

On February 14, 2023, Mother filed a section 388 petition requesting that her family reunification services be reinstated based on her completion of services.  After a hearing on March 20, 2023, the juvenile court denied the petition, finding that

2

Mother had not met her burden to prove a change of circumstances or that the requested order was in the minors' best interests. The court also found the children adoptable, ordered adoption as the minors' permanent plans, and terminated parental rights. Permanent planning is still ongoing.

Mother timely appealed.

On August 16, 2023, counsel for Mother filed a no issue brief pursuant to *In re Phoenix H.* (2009) 47 Cal.4th 835. On October 6, 2023, Mother filed a supplemental brief reciting her efforts to parent her children. She has been sober since July 28, 2022, has participated in residential and outpatient treatment, and is now in aftercare. She has learned to understand the triggers that led to her drug use. Mother has also benefitted greatly from the parenting and domestic violence classes. She states she plans on "continuing to make positive changes in order to have a better future." And she ends by asking us to grant her "the opportunity to have another chance at being a parent to my children."

This court presumes a trial court judgment is correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Appellant bears the burden of establishing error. Where an appellant does not establish error, we may dismiss the appeal. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.) Unlike in a criminal case, we have no duty to conduct an independent review of the record in a dependency case. (*In re Phoenix H.*, *supra*, 47 Cal.4th at pp. 841–843.)

Mother's heartfelt statement has presented no arguable issue calling into question any of the juvenile court's findings or orders.

3

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

GRIMES, J.

VIRAMONTES, J.